UNITED STATES DISTRICT COURT
WESTERN DISTIRCT OF NEW YORK
JAMES BOYD,
    PLAINTIFF:

    -AGAINST-

DEP. OF PROGRAM'S JOHN DOE,
IN HIS INDIVIDUAL CAPACITIES;

SUPERINTENDENT, J. WOLCOTT,
IN HER INDIVIDUAL CAPACITIES;

NURSE'S OF ADMINISTRAION JANE DOE'S
IN THERE INDIVIDUAL CAPACITIES;

DOCTOR WILLIAMS, MEDICAL DIRECTOR,
IN HIS INDIVIDUAL CAPACITIES;

AREA S.G.T. ON DUTIE JOHN DOE,
IN HIS INDIVIDUAL CAPACITIES;

        JURY TRIAL DEMANDED: YES

23 CV 6364 FPG

CIVIL RIGHTS COMPLAINT PURSUANT 42 U.S.C. 1983

Case No.:
___-cv-_____

(1)

## JURISDICTION AND VENUE

1. This is an action of civil, seeking relief and/or damages to defend and protect the rights guaranteed by by the Constitution of the Unitied States.

This action is brought pursuant to 42 U.S.C. §1983, along with 12101-200. This Court has Jurisdiction over the action purusant 28 U.S.C. §1331, 1343 (3)(4) and 2201.

## PARTIES TO THIS ACTION:

2. Plaintiff's Information;
    Name: James Boyd, Din# 02B1900
    Present place of incarceration:
    Attica Correctional Facility
    639 Exchange Street
    Attica, New York 14011-0149

3. Defendant's Information;
    Defendant No.1:                     J.Wolcott
    Official Position:                  Superintendent
    Address:                            Attica C.F.

    Defendant No.2:                     Jane Doe's
    Official Position:                  Nurse's of Administration
    Address:                            Attica C.F.

    Defendant No.3:                     John Doe
    Official Position:                  Dep. Of Programs
    Address:                            Attica C.F.

    Defendant No.4:                     Doctor Williams
    Offical Position:                   Medical Director
    Address:                            Attica C.F.

    Defendant No.5:                     John Doe
    Official Position:                  Area S.G.T.
    Address:                            Attica C.F.

## STATEMENT OF FACTS RELEVANT
## TO THE ACTION HEREIN:

The challenged conduct was attributable to a person acting under the color of state law and such conduct deprived the plaintiff of his right, privileges, or immunities secured by the constitution of laws and The United States.

1. I accidently fell on B-2-23 company approximately 5/23/2022, and as a result I was taken to an outside hospital (WARSAW) for treatment, Before going to a outside hospital, I waited right hours sitting in a wheel chair, Here at Attica infirmary. I informed the Area S.G.T. that it's my hip that I fell on and He still order me to sit up in that wheel chair in Severe Pain, for those eight hours, And when I got to Warsaw Hospital, I waited another two hours in the waiting room, sitting up in a wheel chair with a Hip injury.

2. Ar Warsaw, I was given a X-Ray and was told by medical staff that they saw some swelling of my hip area, But they don't see anything broken from the x-ray.

3. Today August 11th, 2022, Because of the severe pain and discomfort I am having, I put in to see my provider Doctor Williams and I told Dr.William, that I am in NON-STOPPING due to my hip, due to me falling and told him I would, Like A SECOND OPINION due to the pain I am in.

4. I am a elderly man, and I had surgery 17 years ago on the same hip I fell on, The Medical Department here at Attica, have not given me any pain meds, or cane to walk with.

5. The Superintendent, J.Wolcott, has been put On Notice from the Grievance, that I filed I have of yet to receive, any form of medical treatment from the facility, I was told that I was Approved for surgery, four months ago, for the hip replacement.

6. I had a prior car accident, prior to coming to prison and one of my legs is shorter then the other by 2 1/2 inches, I was told at that time, I needed to be fitted for a special shoe and cane for balance, and I informed Dr.Williams, of this and that never happened, and I was told that the Facility didn't have any Cane's, So I am left hopping around in severe pain here in Attica C.F.,

And due to needed treatment that has not been given, my feet are swollen and the circulation in my legs is poor, my family has contacted the Superintendent as well as someone in Albany.

7. I am currently enrolled in a Bachelor's Degree Program from the University of Rochester, and I am having trouble making it to classes, the worst is hopping down to the visiting room to see my love ones.

8. I was inform by the Facilities Physical Therapist, that I would be seen by a Specialist and I should address all my concern's at that time, I am still waiting. I have wrote to the Nurse's of Administor's, my Facility Provider Dr.Williams.

9. Treatment has been denied by all defendants at Attica C.F. for a dislocation of my hip, surgery has been denied by the defendant's, I have a flat order, and the defendant's had me moved to the second floor of the facility Dr.Williams has denied treatment, While being aware of needed surgery from one officer visit to the next, And I informed the Dr., that I am in NON-STOPPING pain of my hip.

10. The present case, Plaintiff was deprived of his (U.S.) Constitutional equal and civil rights and privileges, to adequate medical treatment and care, When he fell, and sought emergency medical support while in the custody of Attica C.F.

### STATEMENT OF CLAIMS RELEVANT TO THE ACTION HEREIN:

#### Point (1):

42 U.S.C.A. 1983 to obtain relief from deprivation of U.S. Constitution 8th and 14th Amendments.

11. The United State Constitutions, Along with New York State Articles(5), Federal and State Laws and Statutes, to protect citizens against, deprivations of Goverment Arbitrary powers, of unfair and unlawful treatment, to equal and civil rights, were violated, when Attica Correctional Facility Superintendent, Ms.Wolcott deprived the plaintiff of rights, secured by the Constitution and laws of the United State, while acting under the color of state law J.Wolcott, is the superintendent of the facility in which the plaintiff is in custody and

"was acutely aware of plaintiff's Medical Situation, the plaintiff has filed, grievance which the Superintendent has denied. See James v. Artuz 1994 WL 174005, at 7 S.D.N.Y. May 4, 1994.

12. The essential requirement for action under section 1983, to obtaining relief is every person who, under color of any state, ordinance, regulation, custom, or usage, of any state or territory or district of Columbia subjects, or causes to be subjected, any Citizen of the United States or other person while within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities, secured by the Constitution and Laws, shall be liable to the party injured in an action at Law Suit in equity, or other proper proceeding for Redress.

13. The AREA S.G.T., while down in the infirmary had me sit up in a wheel chair, for eight hours and refused to have me placed, on the infirmary bed, in retaliation for filing said grievance.

14. Both Nurse's of Administration, has refused to have the plaintiff, seen at follow-up appointments, and refused to schedule, the plaintiff for surgery that's been approved, for surgery, The Nurse's have left me in a "crippling" state, by delaying access to medical care, failure to honor doctor's orders stated a claim in this circuit even before the Supreme Court's decision in Estelle.Martinez v. Marcusi 443 F.2d 921, 924 (2nd Cir. 1970), and see Todaro v. Ward 431 F.Supp.1129, 1152 (S.D.N.Y. 1997).

15. Dr.Williams has delayed treatment to the plaintiff from one scheduled appointment to the next while knowing treatment was needed, due to a dislocated hip. Dr.Williams has allowed the plaintiff to suffer in his condition, all while the plaintiff complained of the non-stopping pain. Dr.Williams has been deliberately indifferent to plaintiff's medical condition... See Hathaway v. Coughlin 99 F.3d 550, 553 (2nd Cir. 1996).

### POINT (2):

### DEPRIVATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS

16. The United States Eighth and Fourteenth Amendments (Amend) as well as New York State Article (Art.) and Sections, which Allow states within the

Jurisdiction of the Unitied States and it's Laws, are bound to follow, was deprived as the 14th Amendment States: all persons born or naturalized in the United States and subject to the Jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No State shall make or enforce any law of citizens of the United States; Nor shall any state deprive any person of life, liberty, or property, within its Jurisdiction the equal protection of the laws.

17. The Due Process clause of the Fourteenth Amend. Has (2) functions, First it protects the plaintiff against arbitrary and unfair treatment by state officials. This aspect of the 14th Amend is known as substantive due process, rights were violated, when Attica C.F. Superintendent J.Wolcott, Both Nurse's of Administration, Dr.Williams, The AREA S.G.T. and the Dep of Programs, allowed the plaintiff to suffer in his condition while being aware of needed surgery. See... Cain v Huff 117 F.3d 1420, 1997 WL 377029 (6th Cir 1997).

18. The Second Function of the due process clause is to ensure that the plaintiff is and was not deprived of life, liberty or property without due process of the law; This aspect of the Fourteenth Amendment is known as Procedural Due Process. The Plaintiff under this clause [HAS] met three requirements of a 14th amendment violation: First the plaintiff was deprived of his liberty and adequate medical treatment and care interest, when on 5/23/2022, the plaintiff was denied adequate medical treatment by the defendants and was left to suffer in his condition and having to file grievance to get medical help.

19. The Third requirement for Procedural Due Process claim is that the medical staff at Attica C.F. intended to deprive the plaintiff of his liberty and/or life interest, when they failed to have the plaintiff scheduled for surgery for months, "This delay has been deliberate and that it caused the plaintiff to suffer unnecessary and wanton infliction of pain". See.. Hunt, 865 F.2d 201

## POINT (3):

DEPRIVATION OF ADEQUATE MEDICAL CARE AND
TREATMENT DELIBERATE INDIFFERENCE TO
SERIOUS MEDICAL NEED

20. Since prisoners cannot obtain their own medical services, the Constitution requires prison authorities, to provide them with "reasonable adequate Medical care and treatment" Courts have defined "Adequate" medical services as "service at a level reasonably commensurate with modern medical science and of a quality acceptable with prudent professional standard". And at a level of Health Services reasonably designed to meet routine and emergency medical, dental and psychological or psychiatric care. See... <u>Tillery v. Owens</u> 719 F.Supp. at 1301; Accord, <u>Ramos v. Lamm</u> 639 F.2d 559, 574 (10th Cir.1987).

21. The Supreme Court has stated that deliberate indifference to serious medical needs of a Prisoner Constitutes the unnecessary and wanton infliction of pain... Proscribed by the 8th amendment as follows: Excessive bail shall not be required, Nor excessive fines imposed, Nor cruel and unusual punishments inflicted.. Courts have also applied the deliberate indifference standard to pre-trial detainees under the Due Process Clause.

22. Defendant(s) [Superintendent J. Wolcott, Area S.G.T., Dep of Programs, Both Nurse's of Administation, and Dr.Williams], allowed the plaintiff to suffer in his condition, for months, all defendants were deliberately indifferent to the plaintiff's serious medical needs and severe condition even given that they were fully aware of the plaintiff's condition/need for surgery for a dislocated hip.

23. As one Court has held: deliberate indifference can be proved by showing a prison official's mental state... but deliberate indifference is also a standard for measuring, the adequacy of prison officials responses to the known medical needs of incarcerated individuals to make their needs known.

24. The Plaintiff file grievance, and complaints, family members, have call the facility due to my condition Dr.Williams has delayed and delayed treatment to outside medical specialist, the Dr. still to this very day, is being deliberately indifferent to the plaintiff's serious medical condition.

STATEMENT OF CAUSE OF ACTION
<u>RELEVANT TO THE ACTION HEREIN:</u>

## FIRST CAUSE OF ACTION:
## DEPRIVATION OF U.S. 8th and 14th Amendment

25. Dep. of Programs, had me moved off the first floor, when I had flat order and due to moving to the second floor I fell, and dislocated my hip.

26. The AREA S.G.T. while down in the infirmary has me sitting up in a wheel chair for eight hours with a dislocated hip, and refused to have me placed on the hospital bed, in retaliation for filing said grievance.

27. Superintendent J.Wolcott denied said grievance even after family contacted the facility about me needing surgery.

28. Both Nurse's of Administration failure to perform ordered tests or scheduled follow-up appointments with doctor and left me to suffer in my condition.

29. Dr.Williams has not given the plaintiff any medication's to try to stop some of the pain that the plaintiff is suffering from.

## PLEADING OR RELIEF SOUGHT
## BY PLAINTIFF:

30. Plaintiff seeks, a trial by jury for punitive damages, declaratory, injunctive, and monetary relief in the Amount of: $3,000,000.00 from J.Wolcott, for being aware of needed surgery.

31. Plaintiff seeks a trial by jury, for punitive damages, declaratory, injunctive, and monetary relief in the amount of $500,000 each from both Nurse's of Administration for failing to scheduled follow-up appointments, and schedule surgery while being aware of needed surgery.

32. Plaintiff seeks a trial bu jury, for punitive damages, declaratory, and monetary relief in the amount of $2,500,000.00 from AREA S.G.T. for the pain he cause, having the plaintiff sitting up in a wheel chair for eight hours in the infirmary in retaliation for filing said grievance.

33. Plaintiff seeks a trial by jury, for punitive damages, declaratory and monetary relief in the amount of $5,000,000.00 from the Dep. of Programs who had me moved off the first floor to the second floor when I had a "flat order" that cause me to be injured while trying to move my property to the second floor.

24. Plaintiff seeks a trial by jury for injunctive, declaratory and punitive damages, and monetary relief in the amount of $7,000,000.00 from Dr.Williams who failed to adequately treat medical conditions and continuously denied medical treatment for a serious medical need deliberately when knowing surgery is needed for a dislocated hip condition.

Signed: *James L. Boyd*  Day Of 6/26 2023

*James L. Boyd*

PRO-SE PLAINTIFF
JAMES BOYD
DIN# 02-B-1900

I, James Boyd, declare under the penalty of perjury, 28 U.S.C. §1746, <u>Duncan v. Foti</u>, 828 F.2d 297, that the Above Written Complain is true and correct.

Dated: Attica New York
JUNE, 26, 2023

*James L. Boyd*
Pro-Se Plaintiff
James Boyd
Din#: 02-B-1900
Attica Corr. Facility
639 Exchange St.
Attica, New York 14011-0149